

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 9, 1951

Hon. James R. Strong
County Attorney
Panola County
Carthage, Texas

Dear Sir:

Opinion No. V-1232

Re: Several questions re-
specting contracts for
meals for prisoners in
the county jail.

You have requested an opinion on the following questions:

"1. May a county having between 19,000 and 20,000 population pay the sheriff $.75 a day per prisoner and $2.50 a day for a guard or matron?

"2. Where a county pays $.75 per prisoner per day to a man who feeds the prisoners, may it hire the man's wife as a guard or matron at the rate of $2.50 a day?

"3. May the sheriff make a contract for some person to furnish cooked meals to all the prisoners for the price of $.75 per head per day regardless of and without reference to the number of meals actually furnished?"

The sheriff of Panola County is compensated on a salary basis. (Tex. Const., Art. XVI, Sec. 61.) There-fore, your request is answered in part by Attorney General's Opinion V-359 (1947), wherein it is stated:

"Article 6871, V.C.S., authorizes the employment of a jail matron. Article 1041, V.C.C.P., as amended by H.B. 540, Acts of the 50th Leg., p. 166, Vernon's Texas Ses-sion Law Service, provides for a maximum compensation for each matron necessarily employed for the safekeeping of prisoners in counties of 40,000 or less inhabitants of Two Dollars and Fifty Cents ($2.50) each day. Cooper v. Johnson County, 212 S.W. 528; State v. Cornes, 106 S.W.(2d) 397.

"We quote the following from Attorney General's Opinion No. 0-1242:

"'In answer to your second question, you are advised that ever since January 1, 1936, the effective date of Chapter 465, Acts of the Second Called Session of the Forty-fourth Legislature, generally known as the "Officers Salary Act", this office has consistently held that where a sheriff is compensated on a salary basis, the Commissioners Court is unauthorized to pay any fee whatsoever for services performed and cannot allow him any specified sum for the boarding of prisoners, but only for actual expenses incurred by him in feeding the prisoners in his custody.'

"The above holding was followed in Attorney General's Opinion No. 0-2379. In view of the foregoing, your third question is answered in the negative, and you are advised that where the sheriff is compensated on a salary basis, the Commissioners' Court can not allow him any specific sum for the boarding of prisoners, but only for actual expenses incurred by him in feeding the prisoners in his custody.

"This office has repeatedly held that the sheriff has the authority and is authorized by statute to feed and purchase all supplies necessary for the maintenance of prisoners and that such authority is not conferred upon the Commissioners' Court, either directly or indirectly. Attorney General's Opinions Nos. 0-329, 0-1228 and 0-4377.

"Since it is the duty of the sheriff to feed the prisoners, it is our opinion that he is authorized to purchase their meals from a cafe if he deems that it is the best method to be used in feeding the prisoners. The Commissioners' Court is authorized to pay the sheriff for actual expenses incurred by him in feeding the prisoners."

In view of the foregoing, you are advised that the county is not authorized to pay the sheriff a specific sum for feeding prisoners, but the sheriff must be paid his actual and necessary expenses incurred in the feeding of prisoners. The sheriff may employ guards or matrons

for the safe keeping of prisoners in accordance with the provisions of Article 6871, V.C.S. The compensation of the guard or matron is governed by the provisions of Article 1041, V.C.C.P., and the maximum compensation that may be paid such employee is $2.50 per day.

We know of no statutory provision prohibiting more than one member of a family from being employed by the county. Whether the person furnishing the meals to county prisoners be regarded as an independent contractor or as an employee under contract with the sheriff would not prevent the employment of his wife as guard or matron.

In answer to your third question, you are advised that the sheriff may contract with an individual to furnish meals at a flat daily rate per prisoner if he deems that it is the best method to be used in feeding the prisoners.

## SUMMARY

The commissioners' court is not authorized to allow the sheriff any specific sum for the boarding of prisoners, but only the actual expenses incurred by him in feeding the prisoners in his custody, whether by a contract with an individual at a flat daily rate per prisoner, or otherwise. The sheriff may employ guards or metrons for the safe keeping of prisoners in accordance with the provisions of Article 6871, V.C.S., and the compensation of such guards or matrons is governed by the provisions of Article 1041, V.C.C.P., which limits the maximum compensation to be paid such employees to $2.50 per day. Att'y Gen. Op. V-359 (1947).

The county is authorized to hire as a matron the wife of the individual with whom the sheriff has contracted to feed the prisoners, there being no statutory provision prohibiting the employment of more than one member of a family by the county.

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant
JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
Assistant